# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 10-00294-CV-W-GAF |
| ELDON DAVOLT and VERNA DAVOLT, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

Presently before the Court is Defendants Eldon Davolt and Verna Davolt's (collectively "Defendants") Motion to Dismiss Plaintiff Safeco Insurance Company of Illinois' ("Plaintiff") Complaint for Declaratory Judgment ("Complaint"). (Doc. # 10). Defendants argue that the Court should dismiss Plaintiff's Complaint due to a parallel action currently pending in the Circuit Court of Henry County, Missouri. *Id.* Plaintiff opposes. (Doc. ## 11, 12). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## I.     FACTS

On October 26, 2006, a motor vehicle driven by Amanda Brown ("Brown") collided with Defendant Eldon Davolt's vehicle, causing him injury. (Doc. ## 10, p. 1; 11, p. 3). On January 23, 2008, Defendants filed suit against Brown in the Circuit Court of St. Clair County, Missouri. (Doc. ## 10, p. 2; 11, p. 3). The case was later transferred to the Circuit Court of Henry County, Missouri. *Id.* At all relevant times, Defendants carried insurance issued by Plaintiff that Defendants allege provides for underinsurance coverage arising from the aforementioned automobile collision. *Id.*

On March 31, 2010, Plaintiff filed the instant action seeking declaratory relief regarding its potential liability for underinsurance under Defendants' policy. (Complaint).

On March 25, 2010, Defendants and Brown mediated their case, and a settlement was reached that exhausted Brown's liability limits and triggered Defendants' right to seek underinsurance coverage from Plaintiff. *Id.* On April 12, 2010, Defendants filed an Amended Petition in the state court action naming Plaintiff as a defendant to collect and obtain their underinsurance coverage. *Id.* On April 15, 2010, Plaintiff and Defendants reached an agreement to settle the underinsurance coverage.[1] (Doc. ## 10, p. 2; 11, p. 4).

## II. LEGAL STANDARDS

The Declaratory Judgment Act, 28 U.S.C § 2201(a), which, in relevant part, states, "any Court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," grants this Court discretion to maintain Plaintiff's present action for declaratory relief. *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (stating a "District Court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close"). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* Both the United States Supreme Court and the Eight Circuit Court of Appeals have indicated that it may be appropriate for a district court to exercise its discretion by dismissing a declaratory judgment action where there is another suit

---

[1]Based on the evidence presented, it appears that the parties' settlement agreement is tentative and has not yet been formalized. (*See* Doc. ## 10, Exhibit E; 11, p. 4).

pending in a state court presenting the same parties and the same issues, which are not governed by federal law. *See id.* at 282 ("But *Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed.") (citation omitted); *see also Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). In *Haverfield*, the Eighth Circuit explained that, when deciding whether to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding, "the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." 218 F.3d at 874. "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

## III. ANALYSIS

Here, the evidence presented indicates that dismissal of Plaintiff's Complaint is warranted. Plaintiff is presently a named defendant in a parallel state court action pending before the Circuit Court of Henry County, Missouri, which was filed prior to Plaintiff's Complaint seeking declaratory relief. Considering the scope and nature of the pending state court proceeding, the Court finds that the issues in controversy between the parties can be better settled in the state court action. The present action arises solely under state law, and the pending parallel state court action offers the

3

parties a full and fair forum in which to resolve all issues presented to this Court in Plaintiff's declaratory judgment action. Thus, the Court "must dismiss the federal action because it would be uneconomical as well as vexatious" for the Court to maintain the suit "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *See Haverfield*, 218 F.3d at 874 (internal quotations omitted).

## CONCLUSION

As discussed above, a parallel state court action is currently pending that is not based on federal law and offers the parties an appropriate opportunity to resolve all issues presented by Plaintiff in this case. For this reason and those stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

                                                                                         s/ Gary A. Fenner
                                                                                         Gary A. Fenner, Judge
                                                                                         United States District Court

DATED: **June 1, 2010**